**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CICEL L. JOHNSON ) | Case No. 19-30531-KLP |
| ) | Chapter 13 |
| Debtor, ) | |
| ) | |

**CORRECTED OBJECTION TO CONFIRMATION
OF AMENDED CHAPTER 13 PLAN**

COMES NOW HP Virginia I, LLC d/b/a Pathlight Property Management ("Pathlight"), by counsel, and states the following in support of their Objection to Confirmation of the Amended Chapter 13 Plan filed by the Debtor, Cicel L. Johnson ("Debtor") on December 30, 2020.

1. On February 1, 2019, Debtor filed her Chapter 13 bankruptcy petition in the Eastern District of Virginia, Richmond Division, Case No. 19-30531-KLP.

2. This is the Debtor's sixth bankruptcy filing since 2008. Debtor's prior filings include the following:

    a. Cicel Lynn Johnson, Case No. 02-65167-DOT (Chapter 13)

    b. Cicel Lynn Johnson, Case No. 08-30073-KRH (Chapter 7)

    c. Cicel L. Johnson and William I. Johnson, Case No. 12-55259-KLP (Chapter 13)

    d. Cicel Lynn Johnson, Case No. 14-31424-KRH (Chapter 13)

    e. Cicel L. Johnson, Case No. 17-35379-KLP (Chapter 7)

3. On July 28, 2016, Debtor entered into a residential lease with Pathlight for lease of the premises located at 5105 Claypoint Road, Chesterfield, VA 23832.

4. Debtor is currently in the final year of her 5-year lease and must pay rent in the amount of $2,380.00 per month.

5. On September 30, 2019, Debtor obtained confirmation of her Chapter 13 Plan filed May 30, 2019.

6. On December 30, 2020, Debtor filed an amended plan which is currently scheduled for hearing on February 10, 2021.

7. Debtor's confirmed plan provided for assumption of the lease, requiring Debtor to make payments of post-petition rent and for the trustee to pay pre-petition arrearages in the amount of $5,408.80.

8. Debtor failed to pay post-petition rent as it came due and Debtor now seeks to include the post-petition arrearages in her pending amended chapter 13 plan.

9. The arrearage figure has grown to $27,408.66, leaving Debtor's post-petition arrearages at $21,999.86.

10. Pathlight has thus incurred substantial losses since the bankruptcy filing in reliance on Debtor's promises made in her confirmed Chapter 13 Plan and failure to perform obligations under the assumed lease.

11. 11 U.S.C. §365(b)(1) provides that "if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee— (A) cures, or provides adequate assurance that the trustee will promptly cure, such default….and (C) provides adequate assurance of future performance under such contract or lease".

12. Debtor has already assumed the lease and failed to perform from the date of assumption forward.

13. Given that Debtor has fallen significantly further behind on her lease obligations than she had at the time of her first plan, Pathlight has no assurance that Debtor will perform her obligations under the lease.

14. As debtor received a Chapter 7 discharge on March 31, 2018, she is not eligible for a discharge in this case and thus has no incentive to complete the plan once her lease expires in August 2021.

15. It should also be noted that in her prior three (3) Chapter 13 filings, Debtor has not once completed a Chapter 13 plan.

16. Debtor is now seeking a seven-year plan, even though according to her recently filed schedules I and J Debtor has in fact obtained an increase in income at this time. This can hardly be seen as a "prompt" cure of Debtor's defaults under the lease as required under 11 U.S.C. §365.

17. Pathlight should not have to again rely upon the promises of the Debtor when she has so meaningfully failed to perform on her promises made in connection with the confirmed plan and has failed in her prior Chapter 13 cases.

18. Finally, Debtor's post-petition rent obligations are administrative claims against the estate and are entitled to administrative priority. *Stewart Foods, Inc.*, In re, 64 F.3d 141 (4th Cir. 1995). The plan provides no such treatment of the post-petition arrearages, which are to be paid pro rata according to the plan.

WHEREFORE, Virginia I, LLC d/b/a Pathlight Property Management, by counsel, requests that this Honorable Court deny confirmation of the Amended Chapter 13 Plan filed by the Debtor, Cicel L. Johnson on December 30, 2020.

Date: February 3, 2021

HP Virginia I, LLC
d/b/a Pathlight Property Management
By Counsel

/s/ Jonathan B. Vivona
Jonathan B. Vivona, Bar# 82762

jvivona@vpbklaw.com
Ashvin Pandurangi

ashvinp@vpbklaw.com

Vivona Pandurangi, PLC
211 Park Ave.
Falls Church, VA 22046

Tel: (571) 969-6540
Fax: (571) 699-0518
*Counsel for Movant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3rd day of February 2021, I served a copy of this Objection to Confirmation of Amended Chapter 13 Plan via ECF on all parties entitled to receive such notice and first class mail, postage prepaid, upon each party required to receive notice under Local Bankruptcy Rule 4001(a)-1(E)(1) as follows:

Cicel Johnson
P.O. Box 5616
Midlothian, VA 23112
*Debtor*

James E. Kane
Kane & Papa, PC
1313 East Cary Street
P.O. Box 508
Richmond, VA 23218-0508
*Counsel for Debtor*

Suzanne E. Wade
7202 Glen Forest Drive
Suite 202
Richmond, VA 23226
*Chapter 13 Trustee*